UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| GAYLE GREENWOOD and DOMINIQUE MORRISON, individually and on behalf of all others similarly-situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | No. 3:17-cv-00464 |
| v. | ) ) | **JURY DEMAND** |
| AMPLIFY SNACK BRANDS, INC., | ) ) ) | |
| Defendant. | ) | |

**CLASS ACTION COMPLAINT**

Plaintiffs, Gayle Greenwood and Dominique Morrison, individually and on behalf of all others similarly-situated, allege the following facts and claims upon personal knowledge, investigation of counsel, and information and belief.

**CASE SUMMARY**

1. This case arises out of Defendant Amplify Snack Brands Inc.'s ("Defendant") deceptive, unfair, and false merchandising practices regarding its Paqui Roasted Jalapeño Tortilla Chips and Paqui Grilled Habanero Tortilla Chips (the "Products").

2. On the labels of the Products, Defendant lists "Sugars 0g" under its "Nutrition Facts."

3. On the labels of the Products, Defendant also lists Evaporated Cane Juice ("ECJ") as an ingredient. ECJ, however, is not juice at all—it is sugar in disguise. In May 2016, the FDA made clear that "the term 'evaporated cane juice' is false and misleading because it suggests that the sweetener is 'juice' or is made from 'juice' and does not reveal that its basic

1

nature and characterizing properties are those of sugar." The FDA continued: "The term 'evaporated cane juice' is not the common or usual name of any type of sweetener" and "this ingredient should instead be declared on food labels as 'sugar.'"

4. By mislabeling sugar as ECJ and claiming the Products contain 0 grams of sugar, Defendant misleads consumers into thinking the Products have less sugar than they actually contain and/or do not contain added sugar at all.

5. Plaintiff Greenwood brings this case on behalf of an Illinois class to recover damages for Defendant's false, deceptive, unfair, and misleading marketing and advertising in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") and common law.

6. Plaintiff Morrison brings this case on behalf of a Missouri class to recover damages for Defendant's false, deceptive, and misleading marketing and advertising in violation of the Missouri Merchandising Practices Act ("MMPA") and Missouri common law.

7. Plaintiffs also bring this case on behalf of a nationwide class to recover damages for Defendant's unjust enrichment and/or breach of an express warranty.

**PARTIES**

8. Plaintiff Gayle Greenwood is an Illinois citizen and a resident of St. Clair County. On at least one occasion during the Class Period (as defined below), including in February 2017, Plaintiff purchased Defendant's Roasted Jalapeño Tortilla Chips at Fresh Thyme Market in St. Clair County for personal, family, or household purposes after reviewing the labels, which deceived her. If Plaintiff had known the Products contained sugar disguised as ECJ and/or added sugar, she would not have purchased them or would have paid less for them. The purchase price of the Products was $3.49

9. Plaintiff Dominique Morrison is a Missouri citizen and a resident of St. Louis County. On at least one occasion during the Class Period (as defined below), including in October 2016, Plaintiff purchased Defendant's Roasted Jalapeño Tortilla Chips and Grilled Habanero Tortilla Chips at Lucky's Market in St. Louis County for personal, family, or household purposes after reviewing the labels, which deceived her. If Plaintiff had known the Products contained sugar disguised as ECJ and/or added sugar, she would not have purchased them or would have paid less for them. The purchase price of the Products was $3.29.

10. Defendant Amplify Snack Brands, Inc. is a Delaware corporation with its principal place of business located in Austin, Texas.

**JURISDICTION AND VENUE**

11. This Court has jurisdiction over the subject matter presented by this Class Action Complaint because it is a class action arising under the Class Action Fairness Act of 2005 ("CAFA"), which explicitly provides for the original jurisdiction of the federal courts of any class action in which any member of the Putative Class is a citizen of a state different from any Defendant, and in which the matter in controversy exceeds in the aggregate the sum of $5,000,000.00, exclusive of interest and costs. Plaintiff Greenwood is an Illinois citizen, Plaintiff Morrison is a Missouri citizen, and Defendant can be considered a citizen of Texas or Delaware for diversity purposes.

12. Pursuant to 28 U.S.C. § 1332(d)(2)(A), Plaintiff alleges that damages resulting from the claims in this action are more than $5,000,000.00, in the aggregate, exclusive of interest and costs. Moreover, there are at least 100 members in each of the proposed classes.

13. This Court has specific personal jurisdiction over Defendant because Defendant has had more than minimum contacts with the State of Illinois and has purposefully availed

itself of the privilege of conducting business in this state by selling its Paqui brand chips at more than 80 locations in this judicial District. In addition, as explained below, Defendant has committed affirmative tortious acts within the State of Illinois that gives rise to civil liability, including intentionally targeting and distributing the misleading Product for sale throughout the State of Illinois.

14. Venue in this judicial district is proper pursuant to 28 U.S.C. §1391(a) because, as set forth below, Defendant conducts business in, and may be found in, this district, and Plaintiff Greenwood resides in this judicial District and purchased the Product in this judicial District.

## ALLEGATIONS OF FACT

15. Defendant manufactures, sells, and distributes snack foods, including the Products.

16. Plaintiffs are consumers who are interested in purchasing foods that do not contain added sugar.

17. Knowing that consumers like Plaintiffs are increasingly interested in purchasing products that do not contain added sugar, Defendant labels certain products as containing ECJ instead of sugar.[1]

18. By affixing such a label to the packaging of the Products and representing that the Products contain 0 grams of sugar, Defendant entices consumers like Plaintiffs to purchase its Products and to pay a premium for the Products and/or to purchase more of the Products than they otherwise would have had the truth be known.

---

[1] Defendant claims to have recently changed the label of the Products to properly call ECJ "sugar," but the Products being sold at Fresh Thyme Market in Swansea, Illinois, as of the date of this filing still have labels listing ECJ as an ingredient instead of sugar and claims that the Products contain 0 grams of sugar.

19. The label of the Products is deceptive, false, unfair, and misleading in that Defendant lists ECJ as an ingredient instead of sugar and claims that the Products contain 0 grams of sugar.

20. ECJ is not juice. It is sugar.

21. By calling added sugar "ECJ" and representing that the Products contain 0 grams of sugar, Defendant misleads Plaintiffs and reasonable consumers into believing that the Products contain less sugar then they actually do and/or that they contain no added sugar at all.

22. The FDA could not be more clear: "Sweeteners derived from sugar cane should not be listed in the ingredient declarations by names such as 'evaporated cane juice,' which suggests that the ingredients are made from or contain fruit or vegetable 'juice[.] We consider such representations to be false and misleading[.]"

23. Because of Defendant's deceitful labels, Defendant could and did charge Plaintiffs and Class Members a premium for the Products, and Plaintiffs and Class Members paid a premium for the Products.

24. The Products, moreover, were worth less than they were represented to be, and Plaintiffs and Class Members paid extra for them due to the false labels.

25. No reasonable consumer would know or should know when reviewing the Products' labels that ECJ is sugar—particularly where the labels also claim that Products contain 0 grams of sugar.

26. Defendant's misrepresentations constitute unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation within the meaning of the ICFA. 815 ILCS 505.

27. Defendant's misrepresentations violate the MMPA's prohibition of the act, use, or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce. § 407.020, RSMo.

## CLASS ALLEGATIONS

28. Pursuant to Fed. R. Civ. Pro. 23(a), (b)(2) and (b)(3), Plaintiffs bring this action on their own behalf and on behalf of the following proposed classes of all other similarly situated persons ("Class Members" of the "Classes") consisting of:

- <u>The Illinois Class</u>: All citizens of Illinois who purchased Paqui Roasted Jalapeño Tortilla Chips and/or Paqui Grilled Habanero Tortilla Chips for personal, household, or family purposes and not for resale during the five years preceding the filing of this Complaint (the "Class Period");

- <u>The Missouri Class</u>: All citizens of Missouri who purchased Paqui Roasted Jalapeño Tortilla Chips and/or Paqui Grilled Habanero Tortilla Chips for personal, household, or family purposes and not for resale during the Class Period; and

- <u>The Nationwide Class</u>: All citizens of the United States who purchased Paqui Roasted Jalapeño Tortilla Chips and/or Paqui Grilled Habanero Tortilla Chips for personal, household, or family purposes and not for resale during the Class Period.

29. Excluded from the Classes are: (a) federal, state, and/or local governments, including, but not limited to, their departments, agencies, divisions, bureaus, boards, sections, groups, counsels, and/or subdivisions; (b) any entity in which Defendant has a controlling

interest, to include, but not limited to, their legal representative, heirs, and successors; (c) all persons who are presently in bankruptcy proceedings or who obtained a bankruptcy discharge in the last three years; and (d) any judicial officer in the lawsuit and/or persons within the third degree of consanguinity to such judge.

30. Upon information and belief, the Classes consists of thousands of purchasers. Accordingly, it would be impracticable to join all Class Members before the Court.

31. There are numerous and substantial questions of law or fact common to all the members of the Class and which predominate over any individual issues.  Included within the common question of law or fact are:

   a. whether the representation that the Products contain ECJ instead of sugar is false, misleading, unfair, and deceptive;

   b. whether Defendant violated the ICFA by selling the Products with false, misleading, and deceptive representations;

   c. whether Defendant violated the MMPA by selling the Products with false, misleading, and deceptive representations;

   d. whether Defendant intended that Plaintiffs and the Class Members would rely on its "Sugars 0g" nutrition facts representation'

   e. whether Defendant's acts constitute deceptive and fraudulent business acts and practices or deceptive, untrue, and misleading advertising and/or merchandising practices;

   f. whether Defendant created and breached the express warranty that the Products contain 0g of sugars;

   g. whether Defendant was unjustly enriched; and

      h.    the proper measure of damages sustained by Plaintiff and Class Members.

32. The claims of the Plaintiffs are typical of the claims of Class Members, in that they share the above-referenced facts and legal claims or questions with Class Members, there is a sufficient relationship between the damage to Plaintiffs and Defendant's conduct affecting Class Members, and Plaintiffs have no interests adverse to the interests other Class Members.

33. Plaintiffs will fairly and adequately protect the interests of Class Members and have retained counsel experienced and competent in the prosecution of complex class actions including complex questions that arise in consumer protection litigation.

34. A class action is superior to other methods for the fair and efficient adjudication of this controversy, since individual joinder of all Class Members is impracticable and no other group method of adjudication of all claims asserted herein is more efficient and manageable for at least the following reasons:

      a.    the claim presented in this case predominates over any questions of law or fact, if any exists at all, affecting any individual member of the Class;

      b.    absent a Class, the Class Members will continue to suffer damage and Defendant's unlawful conduct will continue without remedy while Defendant profits from and enjoys its ill-gotten gains;

      c.    given the size of individual Class Members' claims, few, if any, Class Members could afford to or would seek legal redress individually for the wrongs Defendant committed against them, and absent Class Members have no substantial interest in individually controlling the prosecution of individual actions;

      d.      when the liability of Defendant has been adjudicated, claims of all Class Members can be administered efficiently and/or determined uniformly by the Court; and

      e.      this action presents no difficulty that would impede its management by the court as a class action, which is the best available means by which Plaintiff and members of the Classes can seek redress for the harm caused to them by Defendant.

35. Because Plaintiffs seek relief for the entire Classes, the prosecution of separate actions by individual members of the Classes would create a risk of inconsistent or varying adjudications with respect to individual member of the Classes, which would establish incompatible standards of conduct for Defendant.

36. Further, bringing individual claims would overburden the Courts and be an inefficient method of resolving the dispute, which is the center of this litigation. Adjudications with respect to individual members of the Classes would, as a practical matter, be dispositive of the interest of other members of the Classes who are not parties to the adjudication and may impair or impede their ability to protect their interests. Therefore, class treatment is a superior method for adjudication of the issues in this case.

37. Defendant has acted on grounds that apply generally to the Classes, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class.

## CLAIMS FOR RELIEF

## COUNT I

**Violation of Illinois' Consumer Fraud Act on behalf of an Illinois Class**

38. Plaintiff Greenwood repeats and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

39. The ICFA declares the following to be unlawful: "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact…in the conduct of any trade or commerce[.]" 815 ILCS 505/2.

40. Defendant's conduct in representing that the Products contain ECJ and 0 grams of sugar when they in fact contain added sugar constitutes the act, use and employment of deception, fraud, false pretenses, false promises, misrepresentation, and unfair practices in the conduct of Defendant's trade or commerce.

41. Defendant intended that Plaintiffs and the Class Members would rely on the ECJ representations. Defendant is aware that consumers like Plaintiffs and Class Members are becoming increasingly interested in purchasing natural, healthy products that do not contain added sugar. Defendant intended to prey on this interest.

42. The ECJ misrepresentations are material because they concern the type of information upon which a reasonable consumer would be expected to rely in making a decision whether to purchase.

43. Because Defendant is in the business of selling food products, Defendant committed the unfair and deceptive acts in the conduct of its trade and commerce.

44. Defendant's practice of representing that the Products contain ECJ and 0 grams of sugar when they in fact contain added sugar is also unfair because it offends public policy and is immoral, unethical, and unscrupulous because Illinois consumers are increasingly interested in purchasing and consuming healthy, truly natural products without added sugar. Falsely selling

products as containing ECJ offends the public's expectation to be told the truth about the products they are buying.

45. Defendant's conduct also causes substantial injury to consumers. Not only are consumers misled into purchasing Products that are not what they are represented to be, but exposing consumers to unwanted added sugar is substantially injurious.

46. Neither Plaintiff nor any reasonable consumer would expect to find added sugar in a Product labeled as containing "Sugar 0g."

47. Neither Plaintiffs nor any reasonable consumer when reviewing the ingredient lists of the Products would know nor should know that ECJ is actually sugar in disguise.

48. Because the Products contain added, disguised sugar, the Products as sold were worth less than the Products as represented, and Plaintiffs and Class Members paid a premium for them. Had the truth be known, Plaintiffs and Class Members would not have purchased the Products or would have paid less for them.

49. Plaintiffs and Class Members were deceived by the ECJ labeling on the Products and suffered economic damages as a proximate result of Defendant's unlawful conduct as alleged herein, including the difference between the actual value of the Products and the value of the Products if they had been as represented.

50. Defendant's conduct is outrageous and performed with a reckless indifference to the rights of others because its practice of representing that the Products contain ECJ and 0 grams of sugar when they in fact contain added sugar could cause substantial injury to consumers with diabetes and hyperglycemia who require sugarless diets.

51. Plaintiffs also seeks to enjoin Defendant's ongoing deceptive practices relating to its claims on the Products' labels and advertising.

11

## COUNT II

**Violation of Missouri's Merchandising Practices Act on behalf of a Missouri Class**

52. Plaintiff Morrison repeats and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

53. Missouri's Merchandising Practices Act (the "MMPA") prohibits the act, use, or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce § 407.020, RSMo.

54. Defendant's conduct in representing that the Products contain ECJ and 0 grams of sugar when they in fact contain added sugar constitutes the act, use or employment of deception, fraud, false pretenses, false promises, misrepresentation, unfair practices and/or the concealment, suppression, or omission of any material facts in connection with the sale or advertisement of any merchandise in trade or commerce because Defendant misrepresents that the Products contain ECJ instead of sugar, thereby leading Plaintiffs and reasonable consumers to believe that the Products contain less sugar than it actually do and/or do not contain added sugar.

55. In addition, by claiming the Products contain ECJ instead of sugar and 0 grams of sugar, the label of the Products creates the false impression and has the tendency and capacity to mislead consumers (*see* 15 CSR 60-9.020) into believing that the Products contain less sugar than they actually contain and/or do not contain added sugar Moreover, the overall format and appearance of the label of the Products has the tendency and capacity to mislead consumers (15 C.S.R. 60-9.030) because it creates the false impression that the Products contain less sugar than they actually contain and/or do not contain added sugar.

56. Neither Plaintiffs nor any reasonable consumer when reviewing the ingredient list of the Products would know nor should know that ECJ is actually sugar in disguise.

57. Because the Products contain added, disguised sugar, the Products as sold were worth less than the Products as represented, and Plaintiffs and Class Members paid a premium for them. Had the truth be known, Plaintiffs and Class Members would not have purchased the Products or would have paid less for them.

58. Plaintiffs and Class Members purchased the Products for personal, family, or household purposes and thereby suffered an ascertainable loss as a result of Defendant's unlawful conduct as alleged herein, including the difference between the actual value of the products and the value of the products if they had been as represented.

59. Defendant's conduct is wanton, willful, or outrageous and performed with a reckless disregard for others because its practice of representing that the Products contain ECJ and 0 grams of sugar when they in fact contain added sugar could cause substantial injury to consumers with diabetes and hyperglycemia who require sugarless diets.

60. Plaintiffs also seek to enjoin Defendant's ongoing deceptive practices relating to its claims on the Products' labels and advertising.

## COUNT III

### Unjust Enrichment on Behalf of a Nationwide Class

61. Plaintiffs repeat and re-allege the allegations of the preceding paragraphs as if fully set forth herein.

62. By purchasing the Products, Plaintiffs and the Class Members conferred a benefit on Defendant in the form of the purchase price of the fraudulent and misleading Products.

63. Defendant appreciated the benefit because, were consumers not to purchase the Products, Defendant would have no sales and make no money.

64. Defendant's acceptance and retention of the benefit is inequitable and unjust because the benefit was obtained by Defendant's fraudulent and misleading representations about the Products.

65. Equity cannot in good conscience permit Defendant to be economically enriched for such actions at Plaintiffs' and Class Members' expense and in violation of the law, and therefore restitution and/or disgorgement of such economic enrichment is required.

## COUNT IV

**Breach of Express Warranty on Behalf of a Nationwide Class**

66. Plaintiffs repeat and re-allege the allegations of the preceding paragraphs as if fully set forth herein.

67. Defendant made the affirmation of fact and the promise to Plaintiffs and the Class Members that the Product contains "Sugars 0g," guaranteeing to Plaintiff and the Class Members that the Product was in conformance with the representation.

68. These affirmations of fact and promises became part of the basis of the bargain in which Plaintiffs and Class Members purchased Defendant's Product, and Plaintiff and Class Members relied on the affirmations when making their purchasing decisions.

69. Defendant breached its express warranty that the Product contained "Sugars 0g" by providing Plaintiffs and Class Members with Products which actually contain added sugar.

70. As a result of Defendant's breach of warranty, Plaintiffs and the Class Members have been deprived of the benefit of their bargain in that they bought Products that was not what

14

it was represented to be, and they have spent money on the Products that had less value than was reflected in the premium purchase price they paid for the Products.

71. Because Defendant made the affirmation of fact and promise directly on its own labels and packaging, privity is not required to bring this claim.

72. Because Defendant has actual knowledge that its Products contain added sugar and because others have already alerted Defendant to the issues with its Products, pre-suit notice of this claim is not required.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all similarly situated persons, pray the Court:

    a. grant certification of this case as a class action;

    b. appoint Plaintiffs as Class Representatives and Plaintiffs' counsel as Class Counsel;

    c. for an award compensatory damages to Plaintiffs and the proposed Class, or, alternatively, require Defendant to disgorge or pay restitution of its ill-gotten gains;

    d. for an award of punitive damages to Plaintiffs and the proposed Class under the ICFA;

    e. for an award of punitive damages to Plaintiffs and the proposed Class under the MMPA;

    f. for an award of declaratory and equitable relief declaring Defendant's conduct to be in violation of the ICFA and enjoining Defendant from continuing to engage in deceptive, unfair, and false marketing of the Products;

    g. for an award of declaratory and equitable relief declaring Defendant's conduct to be in violation of the MMPA and enjoining Defendant from continuing to engage in deceptive, unfair, and false marketing of the Products;

    h. for an award pre- and post-judgment interest;

i. for an award reasonable and necessary attorneys' fees and costs; and

j. for all such other and further relief as may be just and proper.

Dated: May 3, 2017

Respectfully submitted,

Gayle Greenwood and Dominique Morrison, Individually, and on Behalf of a Class of Similarly Situated Individuals, Plaintiffs

By: /s/ *Matthew H. Armstrong*
Matthew H. Armstrong
ARMSTRONG LAW FIRM LLC
8816 Manchester Rd., No. 109
St. Louis MO 63144
Tel: 314-258-0212
Email: matt@mattarmstronglaw.com

Stuart L. Cochran
STECKLER GRESHAM COCHRAN PLLC
12720 Hillcrest Rd., Ste. 1045
Dallas TX 75230
Tel: 972-387-4040
Email: stuart@stecklerlaw.com

Attorneys for Plaintiff and the Putative Class